DECISION AND JUDGMENT ENTRY
This case is before the court on an appeal from a decision of the Bowling Green Municipal Court finding that appellant Eugene E. Stokes violated the terms of his probation. For the reasons that follow, we affirm.
In April 2000, appellant, a resident of a group home, was convicted of aggravated menacing and was placed on probation. One of the terms of his probation was that he follow all directions from his supervisors in the group home. One of the rules placed upon appellant in the group home was that he was not to leave the home unaccompanied by at least two staff members. In September 2000, appellant was accused of violating the terms of his probation by leaving the group home without supervision. Following a probation violation/revocation hearing, the trial court found that appellant had violated his probation, and the court ordered that probation continue with the additional condition that appellant not leave the group home without appropriate supervision. Appellant now appeals this decision, setting forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 THE FINDING OF A PROBATION VIOLATION BY THE TRIAL COURT WAS CONTRARY TO LAW BECAUSE THE TERM OR CONDITION VIOLATED WAS NOT REASONABLY RELATED TO REHABILITATING THE APPELLANT, HAD NO RELATIONSHIP TO THE CRIME FOR WHICH DEFENDANT WAS CONVICTED, AND DID NOT RELATE TO EITHER CRIMINAL CONDUCT OR FUTURE POTENTIAL CRIMINALITY.
 "SECOND ASSIGNMENT OF ERROR
 THE FINDING OF A PROBATION VIOLATION BY THE TRIAL COURT WAS CONTRARY TO LAW BECAUSE THE TERM OR CONDITION IMPOSED, AS APPLIED, WAS TOO VAGUE AND OVERBROAD, AND FAILED TO GIVE APPELLANT ADEQUATE NOTICE OF WHAT CONSTITUTED A VIOLATION."
We find both assignments of error without merit and not well-taken because appellant should have raised these objections to the terms of his probation on direct appeal of his sentence. Having failed to do so, he cannot now collaterally attack the terms of his probation. See State v.Hayes (Aug. 10, 2001), Wood App. No. WD-00-075, unreported; State v.Freshwater (June 26, 1998), Lake App. No. 97-L-218, unreported; State v.Hayes (July 25, 1997), Meigs App. No. 96CA23, unreported; State v.Coleman (Dec. 31, 1996), Ashtabula App. No. 95-A-0079, unreported.
On consideration whereof, we find that substantial justice has been done the party complaining, and the decision of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J. JUDGES CONCUR.